UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOMENTUM COMMERCIAL FUNDING, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL P. BEASLEY, JR., aka MICHAEL PAUL BEASLEY, JR.,<br><br>        Defendant. | No.  2:16-cv-02085-JAM-CKD<br><br>**ORDER GRANTING COUNTER DEFENDANT'S MOTION TO DISMISS** |
| MICHAEL P. BEASLEY, JR., aka MICHAEL PAUL BEASLEY, JR.,<br><br>        Counter Claimant,<br><br>    v.<br><br>MOMENTUM COMMERCIAL FUNDING, LLC, a California limited liability company,<br><br>        Counter Defendant. | |

A 2012 Rolls-Royce Ghost EWB spawned this litigation. Plaintiff-Counter Defendant Momentum Commercial Funding, LLC ("Momentum") leased the luxury vehicle to a professional basketball player, Defendant-Counter Claimant Michael P. Beasley,

1

Jr. ("Beasley"). Believing Beasley shortchanged it, Momentum sued him for breach of contract. ECF No. 1. Then Beasley sued Momentum, arguing that the contract violated California's Vehicle Leasing Act ("VLA"). ECF No. 7. Momentum now moves to dismiss Beasley's Counterclaim under Rule 12(b)(6). ECF No. 10. Beasley opposes. ECF No. 13.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Momentum leased a Rolls-Royce to Beasley. See Equipment Lease Agreement ("Lease"), attached to Counterclaim as Exh. A. Beasley agreed to make monthly payments during the 37-month lease term and to return the Rolls-Royce once the term expired. Id. at 1. After receiving the Rolls-Royce, Beasley also signed three addenda to the Lease. See Addendum to Equipment Lease Agreement, attached to Counterclaim as Exh. B; Addendum #2 to Equipment Lease Agreement, attached to Counterclaim as Exh. C; TRAC Lease Addendum to Equipment Lease Agreement, attached to Counterclaim as Exh. D.

Over time, Momentum and Beasley's contractual relationship soured. Beasley failed to make several payments, and he returned the Rolls-Royce in "horrible condition." Compl. ¶¶ 10-11. After Beasley refused to pay the $122,810.76 Momentum alleges he owes, Momentum sued Beasley for breaching the Lease. Id. ¶ 14. Beasley responded by suing Momentum for violating the VLA's disclosure requirements, contending that these violations

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 7, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the Counterclaim.

rendered the Lease unenforceable.  Countercl. ¶ 28.

## II. OPINION

### A. Judicial Notice

Beasley requests "the Court take judicial notice that the business of being a professional basketball player does not require, nor is it in any way aided or assisted by, the driving of a luxury vehicle."  Opp'n at 2.  A court may take judicial notice of a fact that is not reasonably disputed if the fact "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

The Court denies Beasley's request because he did not supply it with the necessary information.  Merely including a one-sentence request in an opposition brief, without more, does not suffice under federal evidentiary rules.

### B. Discussion

#### 1. Vehicle Leasing Act

California's VLA regulates the leasing of automobiles.  See Cal. Civ. Code § 2985.7 et seq.  See also LaChapelle v. Toyota Motor Credit Corp., 102 Cal. App. 4th 977, 982 (2002).  The VLA applies to a "lease contract," defined as "any contract for or in contemplation of the lease or bailment for the use of a motor vehicle . . . primarily for personal, family or household purposes . . . ."  Cal. Civ. Code § 2985.7(d).  A lease contract, however, "does not include a lease for . . . business

3

1 | or commercial purposes . . . ." Id.
2 |   2. Analysis
3 |  Beasley argues Momentum willfully violated the VLA by not
4 | complying with the statute's disclosure requirements. Countercl.
5 | ¶¶ 21-28. Specifically, Beasley states Momentum violated section
6 | 2985.8(c)(1) by not disclosing in the Lease that Beasley was
7 | responsible for the difference between the Rolls-Royce's residual
8 | value and realized value once the Lease expired. Id. ¶ 21.
9 | Beasley also claims Momentum violated that same provision by not
10 | accurately stating in the Lease the amount due before Beasley
11 | received the car. Id. ¶ 25. And, finally, Beasley alleges
12 | Momentum violated section 2985.8(a) by not disclosing all lease
13 | terms in a single document. Id. ¶ 22.
14 |  Here, dismissal turns on whether the Lease constitutes a
15 | "lease contract" under the VLA. Momentum argues it does not
16 | because the parties executed the Lease for business and
17 | commercial purposes and, so, the VLA does not apply. See Mot. at
18 | 3-5. Beasley disagrees, maintaining that he signed the Lease for
19 | personal purposes, rendering the VLA applicable. See Opp'n at 5-
20 | 7.
21 |  The Court agrees with Momentum. The law makes clear the VLA
22 | does not apply to business or commercial contracts. See Cal.
23 | Civ. Code § 2985.7(d) ("Lease contract does not include a lease
24 | for . . . business or commercial purposes . . . ."). Here, the
25 | Lease plainly states that the Commercial Code governes the
26 | contract and that this was not a consumer transaction. Exh. A
27 | ¶ 27 (citing Division 10 of the California Commercial Code). And
28 | the following language appeared right above Beasley's signature

4

line: "[Beasley] warrants that [he] will use the Equipment solely for commercial or business purposes." Exh. A at 3. Lastly, Beasley certified "[he] intend[ed] that more than 50% of the use of the [Rolls-Royce]" would relate to his "trade or business . . . ." Exh. D.

Beasley claims he "did not understand the complex lease documentation . . . ." Opp'n at 2. This explanation does not suffice. The exhibits attached to Beasley's counterclaim contain information contradicting the allegations supporting his counterclaim: Beasley says he did not understand the documents, yet he signed papers clearly indicating the Lease served business and commercial purposes. In these situations, a court need not accept as true the conclusory allegation. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). In other words, an individual can "plead himself out of a claim by including unnecessary details contrary to his claims." Sprewell, 266 F.3d at 988 (internal citation omitted). Beasley has done just that. The exhibits attached to his counterclaim show he agreed to lease the Rolls-Royce solely for business and commercial purposes—purposes falling outside the VLA's scope. Because these exhibits trump Beasley's conclusory allegation, the Court dismisses Beasley's counterclaim. See id.

A court may dismiss with prejudice "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Navarro

v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citations and internal quotation marks omitted).  The Court is not convinced there is no set of facts to support Beasley's VLA claim and therefore will give him one more opportunity to plead this counterclaim.  Accordingly, Beasley's counterclaim is dismissed without prejudice.[2]

### III.   ORDER

For the reasons set forth above, the Court GRANTS WITHOUT PREJUDICE Momentum's Motion to Dismiss Beasley's counterclaim. If Beasley wants to file a first amended counterclaim, he shall file it within twenty days from the date of this Order. Momentum's responsive pleadings are due within twenty days thereafter.  If Beasley elects not to amend his counterclaim, the case will proceed on Momentum's breach of contract claim.

IT IS SO ORDERED.

Dated: March 17, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Having granted dismissal, the Court need not address whether it may consider Momentum's declarations.